MUN SU PARK, ESQ.
LAW OFFICES OF PARK AND ASSOCIATES
Core Tech Center, Suite 201
388 S. Marine Corps Drive
Tamuning, Guam 96913
Tel: (671) 647-1200  Fax: (671) 647-1211
lawyerpark@hotmail.com

Attorney for Plaintiff
Taiguk Green-Tech. Company, Ltd.



FILED
DISTRICT COURT OF GUAM

MAR 07 2013

JEANNE G. QUINATA
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE U.S. TERRITORY OF GUAM

TAIGUK GREEN-TECH. COMPANY, LTD.,

Plaintiff,

-v-

G.K.I. CORPORATION AND DONGILL KIM,

Defendants.

Civil Action No. 13-13-00007

COMPLAINT

## I
## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal questions jurisdiction), RICO, 18 U.S.C. §§ 1961, 1964(c) and § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

2. This Court also has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1332 (federal diversity jurisdiction).

Page 1

3. This Court also has jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2) because the acts and omissions complained of herein occurred in the U.S. Territory of Guam; Defendants are present and resided in Guam; and that Defendants are engaged in business in Guam.

## II
## PARTIES

5. Plaintiff **TAIGUK GREEN-TECH. COMPANY, LTD.** ("TAIGUK GREEN") is a foreign corporation organized and existing under the laws of the Republic of Korea having its principal place of business in Korea.

6. Defendant **DONGILL KIM** ("KIM") is, and at all relevant times, was a resident of and doing business in the U.S. Territory of Guam, and is the sole stockholder, director, and president of Defendant G.K.I. Corporation.

7. Defendant **G.K.I. CORPORATION** ("GKI") is, and at all relevant times, was a corporation organized and existing under the laws of the U.S. Territory of Guam having its principal place of business in Guam.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant KIM, is, and at all relevant times, was the sole stockholder, director, and president of Defendant G.K.I. and, in all matters alleged below, was acting within the course and scope of that relationship.

9. Defendant GKI is an alter ego of KIM, and Defendant KIM is an alter ego of GKI, in that KIM now and at all relevant times has completely dominated and controlled the assets and business operations and activities of GKI, failed to observe corporate formalities and used the assets, facilities, and employees of GKI for his own personal affairs and purposes, as it those assets, facilities, and employees belonged to and/or worked for Defendant KIM personally, to such an extent that any adherence to the fiction of separate existence of Defendant GKI as a person or entity distinct from Defendant KIM would permit the abuse of corporate or similar privilege of limited liability, if any, and would promote injustice by allowing Defendants to evade liability or veil assets that should in equity be used to satisfy the judgment sought by Plaintiff herein.

### III
### CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Rico Violation, 18 U.S.C. § 1962(b)**

10. Plaintiff incorporates herein by reference the allegations above.

11. 18 U.S.C. § 1962(b) makes it unlawful for any person "through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect interstate or foreign commerce.

12. Kore Solar H Guam Corporation ("Kore Solar) qualifies as an "enterprise" pursuant to 18 U.S.C. § 1961(4), the activities of which affect interstate

or foreign commerce.

13. Kore Solar is engaged in, or its activities affected interstate commerce by purchasing and utilizing or reselling goods that were supplied through the stream of interstate commerce and by making financial transactions.

14. Defendant KIM acquired and maintained an interest and control in Kore Solar through a pattern of racketeering activity.

### A. Wire Fraud

15. Sometime in June, 2012, Mr. Seung-Jae Park and Do Hyeon Kim, representatives of TAIGUK GREEN met with KIM at GKI's office located at 2029-NEW-1 # 650 Marine Corps, Dr. Smart Enterprise Building, East Hagatna, Guam, to discuss the formation of a new Guam corporation.

16. During that meeting, TAIGUK GREEN's representatives informed KIM that TAIGUK GREEN is willing to contribute to seventy percent (70%) of the capitalization of the new corporation.

17. For his part, KIM assured Plaintiff's representatives that GKI will contribute thirty percent (30%) of the capitalization of the new corporation.

18. KIM and Plaintiff's representatives then agreed to form a new corporation to be known as "Kore Solar Guam Corporation" ("Kore Solar").

19. On or about June 19, 2012, TAIGUK GREEN and GKI signed a Memorandum of Understanding ("MOU") memorializing their agreement with regards to the formation of Kore Solar – the new corporation.

20. When KIM made the representation and assurance to Plaintiff's representatives that GKI will contribute to 30% of the new corporation's capitalization, KIM did not actually intend to have, and did not actually had GKI, contribute to the capitalization of Kore Solar.

21. KIM had a duty to inform Mr. Lee that he never intended to have GKI actually contribute to the capitalization of Kore Solar. In fact, GKI never contributed to the capitalization of the new corporation. Instead, KIM intended to have only TAIGUK GREEN contribute to the capitalization of Kore Solar.

22. KIM's failure to disclose these facts were materials omissions because had Plaintiff know that KIM and GKI were not intending to contribute the 30% capitalization of Kore Solar, Plaintiff would have not placed its funds in Kore Solar.

23. During the initial meeting of KIM and Plaintiff's representatives in early 2012, they also agreed that KIM will be in charge of preparing all documents required for the incorporation of Kore Solar and in submitting them to the Guam's Division of Revenue and Taxation, and thereafter to open a new bank account for Kore Solar where the capitalization to be contributed by TAIGUK GREEN and GKI are to be deposited by KIM.

24. Plaintiff is informed and believes, and thereon alleges, that KIM, in fact, prepared and/or caused the preparation of the required incorporation documents for Kore Solar.

25. On or about June 25, 2012, KIM on behalf of GKI and Mr. Lee on behalf of TAIGUK GREEN signed the Articles of Incorporation and the Bylaws of Kore Solar.

26. Plaintiff is informed and belies, and thereon alleges, that KIM thereafter filed with the Guam's Department of Revenue and Taxation the Articles of Incorporation and Bylaws of Kore Solar.

27. On July 5, 2012, the Guam's Department of Revenue and Taxation issued the "Incorporation Certificate" for Kore Solar.

28. To further the fraudulent scheme designed to divest Plaintiff of its property, KIM immediately contacted Plaintiff and induced and caused Plaintiff to remit, by means of interstate wire, to GKI's account the 70% capital contribution of TAIGUK GREEN in Kore Solar in the amount $ 70,000.00.

29. KIM represented to Plaintiff that they would need the parties' capital contributions so that the new corporation – Kore Solar - can immediately start with its Guam business operations.

30. At the same time, KIM promised and represented to Plaintiff that GKI will concurrently make its 30% capital contribution in Kore Solar in the amount of $ 30,000.00 and that KIM will deposit all capital contributions of the parties in a bank account that he will open for Kore Solar.

31. On July 6, 2012, in reliance on the representations and promises of KIM, TAIGUK GREEN wired to GKI's account the amount of Seventy Thousand Dollars ($ 70,000.00) representing TAIGUK GREEN's 70% capital share in Kore Solar.

32. Additionally, Plaintiff also spent an additional amount of not less than Five Thousand Dollars ($ 5,000.00) that Plaintiff incurred in connection with several visits by its representations to Guam in order to monitor the organization and progress of the business operation of the new corporation.

33. At the time, KIM made all his representations and assurances to Plaintiff, including, but are not limited to, KIM's promise and representations that GKI will contribute to 30% of the new corporation's capitalization; KIM's representation and assurance that TAIGUK GREEN's capital contributions will be used to start the business operation of Kore Solar; KIM'S representation and assurance that a bank account will be opened for the new corporation where the capital contributions of the parties will be deposited, Defendant KIM did not actually intended to carry out his promises, assurances, and representations.

34. Contrary to KIM's representation, KIM never paid GKI's 30% supposed capital contribution in Kore Solar; did not use the parties' capital contributions to start the business operations of the company; and did not deposit TAIGUK GREEN's capital contribution in a bank account that KIM previously represented will be established for Kore Solar.

35. Plaintiff is informed and believes, and thereon alleges, that KIM has used TAIGUK GREEN's capital contributions for his own personal account or personal business or for those of GKI's alone, which is owned entirely by KIM.

36. Plaintiff is informed and believes, and thereon alleges, that since its incorporation on July 5, 2012, Kore Solar has not commenced business nor engaged in any form of business activity or operation.

37. Contrary to his previous representations and promise, KIM, from the inception of his agreement with Plaintiff, did not in fact intend to use or apply the $ 70,000.00 capitalization contributed made by TAIGUK GREEN for the conduct of business of Kore Solar.

38. KIM, from the inception of his agreement with Plaintiff, has in fact intended that he will use the $ 70,000.00 capital contribution of TAIGUK GREEN for his own account or benefit or for that of GKI alone.

39. KIM's misrepresentations were material because had Ms. Lee or Plaintiff know that KIM has no intention of applying TAIGUK GREEN's $ 70,000.00 capital contribution to the conduct of business of Kore Solar, Plaintiff would not have sent the money to KIM's GKI and would have not spent additional funds incurred in connection with the various visits made by its representatives to monitor the organization and business operation of Kore Solar.

### B. Corporate Hijack

40. In furtherance of the fraudulent scheme designed to divest Plaintiff of its

property, Defendant KIM, beginning sometime in March 2013, has begun taking the position that Kore Solar is owned alone by himself or GKI.

41. After inducing Plaintiff to form a new corporation with GKI, KIM waited until Plaintiff transferred $ 70,000.00 funds to GKI, before denying Plaintiff ownership of the new corporation.

42. This fraudulent scheme was knowingly implemented by Defendant KIM, both by his affirmative act and material omissions concerning the creation and operation of Kore Solar, by inducing Plaintiff to transfer funds to GKI on the pretext that Plaintiff's ownership interest would be safeguarded and the Plaintiff would possess and ownership interest, and then by deliberately denying Plaintiff any interest in Kore Solar after Plaintiff has already transferred funds to the new corporation.

43. In taking the actions alleged above, Defendants acted knowingly, consciously, and maliciously in violating the Racketeer Influenced Corruption Act ("RICO"), 18 U.S.C. § 1962(b).

44. Wherefore, TAIGUK GREEN prays for the relief as set forth herein.

## SECOND CAUSE OF ACTION
### Rico Violation, 18 U.S.C. § 1962(c)

45. Plaintiff incorporates herein by reference the allegations above.

46. 18 U.S.C. § 1962(c) makes it unlawful for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct

of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

47. Kore Solar qualifies as an "enterprise" pursuant to 18 U.S.C. § 1961(4) the activities of which affect interstate or foreign commerce.

48. Defendant KIM, through the acts and omissions set forth above, directly conducted and participated in the management of Kore Solar's affairs through a pattern of racketeering activity.

49. In taking the actions alleged above, Defendants acted knowingly, consciously, and maliciously in violating the Racketeer Influenced Corruption Act ("RICO"), 18 U.S.C. § 1962(b).

50. Wherefore, TAIGUK GREEN prays for the relief as set forth herein.

### THIRD CAUSE OF ACTION
Fraud

51. Plaintiff incorporates by reference the allegations above.

52. As early as their first meeting in early 2012 when Plaintiff's representatives and KIM first discussed the organization and incorporation of a new company, KIM falsely and fraudulently represented to Plaintiff's representatives that GKI will contribute and pay for 30% of the capitalization of the new company in the amount of $ 30,000.00, with TAIGUK GREEN's contributing and paying for 70% of the capitalization of the new company in the amount of $ 70,000.00.

53. KIM's representation was false and in fact to date, even after already receiving from TAIGUK GREEN the latter's capital contribution in the amount of $ 70,000.00, Defendant KIM nor Defendant GKI has not made or paid for any portion of its promised 30% capital contribution in Kore Solar.

54. Furthermore, following the incorporation of Kore Solar on July 5, 2012, KIM persuaded TAIGUK GREEN's Mr. Lee to wire him the amount of $ 70,000.00 representing that the money will be used for the upstart operation of Kore Solar and that the will be deposited in a bank account to be established for the new company.

55. However, KIM never used TAIGUK GREEN's money for the business operation of Kore Solar, but has instead used the money for his own personal account or business or that of GKI.

56. When KIM made the above representations and promises to TAIGUK GREEN, he has no intention of performing them and were made with the intent to defraud and induce TAIGUK GREEN to act in the manner alleged herein, including, but is not limited, to compel Plaintiff to remit to GKI the amount of $ 70,000.00 which represents Plaintiff's capital contribution.

57. When the above fraudulent representations and promises were made by KIM, TAIGUK GREEN was ignorant of their falsities and believed them to be true.

58. TAIGUK GREEN was likewise ignorant of KIM's secret intention not to perform, which TAIGUK GREEN could not, in the exercise of reasonable diligence, have discovered.

59. In reliance on the above fraudulent misrepresentations of KIM, TAIGUK GREEN was induced to and did in fact send $ 70,000.00 as capital contribution in KORE SOLAR to KIM's GKI and also subsequently spend an amount of not less than $ 5,000.00 in travel and food expenses alone in trying to follow up with Defendant KIM the progress of any business operation of the new company.

60. Had TAIGUK GREEN known the actual facts or the actual intention of KIM, it would have not have not agreed to form a new corporation and would have not send to GKI its 70% capital contribution in the amount of $ 70,000.00 and would have not spend an additional amount of $ 5,000.00 as well.

61. TAIGUK GREEN reasonably relied on the statements and representations of KIM to their prejudice.

62. The above-mentioned fraudulent acts and omissions of Defendants were willful, wanton, malicious, and oppressive, and therefore justify an award of punitive and exemplary damages in favor of TAIGUK GREEN.

63. As a direct and proximate result of Defendants' fraud, TAIGUK GREEN suffered damages, and is entitled to compensatory, expectation, incidental, and consequential damages in an amount to be determined at trial.

64. Wherefore, TAIGUK GREEN prays for the relief as set forth herein.

### FOURTH CAUSE OF ACTION
**Breach of Implied Covenant of Good Faith and Fair Dealing**

65. Plaintiff incorporates by reference the allegations above.

66. There is an implied covenant of good faith and fair dealing in every contracts entered by parties.

67. Based on its agreement with Plaintiff to form a new corporation with TAIGUK GREEN contributing 70% of the capitalization of the new company and GKI contributing 30% of the capitalization thereof, Defendant KIM owed Plaintiff a duty of good faith and fair dealing.

68. Based on the actions and omissions as described in this Complaint, KIM has violated that duty of good faith and fair dealing.

69. As a result of KIM's violations of his implied covenant of good faith and fair dealing, TAIGUK GREEN has suffered damages in an amount to be proven at trial.

70. Wherefore, Plaintiff prays for the relief as set forth herein.

### FIFTH CAUSE OF ACTION
**Conversion**

71. Plaintiff incorporates by reference the allegations above.

72. Conversion is: (a) an intentional exercise; (b) of dominion or control; (c) over a chattel; (d) resulting in serious interference with the right of control by one

lawfully entitled to possession.

73. In taking TAIGUK GREEN's $ 70,000.00 capital contributions in Kore Solar, by means of deception, Defendants intentionally exercised dominion or control over the same, thereby interfering with the right of control to those by its lawful owner, TAIGUK GREEN.

74. In retaining possession of TAIGUK GREEN's property despite Plaintiff's demands for its return, the conversion and unlawful interference with Plaintiff's possessory rights continues.

75. Defendants acquired possession over the money through fraudulent means and breach of fiduciary duty.

76. In taking possession of the property of Plaintiff, without turning over whatever proceeds or revenues derived from the use or utilization of said money, Defendants intentionally exercised dominion or control over them, thereby interfering with the right of control to those funds by the their lawful owner, TAIGUK GREEN.

77. By the terms of KIM's agreement with Plaintiff, Defendants should have acted at all time material hereto as the trustee and agent of Plaintiff. Defendants never had right to retain the funds of Plaintiff.

78. Defendants nevertheless exercised dominion over the converted property in a manner that has deprived TAIGUK GREEN of the funds and caused it damages.

79. As a direct and proximate result of Defendants' action, TAIGUK GREEN was deprived and is continuously being deprived by Defendants of the beneficial and economic use of its money, and has suffered and continues to suffer damages in such amount as may be determined at trial.

80. Defendants' appropriation and conversion of TAIGUK GREEN's funds were without legal or factual basis, and was motivated by malice and with reckless disregard for Plaintiff's rights, entitling TAIGUK GREEN to actual and punitive damages as well as pre-judgment and post-judgment interest until these funds are returned to TAIGUK GREEN.

81. Wherefore, Plaintiff prays for the relief as set forth herein.

### SIXTH CAUSE OF ACTION
### Accounting

82. Plaintiff incorporates by reference the allegations above.

83. Defendants have the duty to keep full and accurate account of the $ 70,000.00 amount of money sent to them by TAIGUK GREEN and any income or other benefits derived from the use of said funds, and to render to TAIGUK GREEN a full account and statement of the same.

84. Defendants have failed, neglected, and refused, and still refuses to render to Plaintiff an account and statement of the amount of money they received from TAIGUK GREEN.

85. As a direct and/or proximate result of the foregoing acts of Defendants,

TAIGUK GREEN had suffered economic and/or pecuniary loss, all to Plaintiff's damage.

86. Defendants committed the foregoing acts intentionally and despicably to cheat TAIGUK GREEN, in willful and conscious disregard of the rights of Plaintiff.

87. Plaintiff is therefore entitled to an award of punitive damages against Defendants.

88. Wherefore, Plaintiff prays for the relief as set forth herein.

### SEVENTH CAUSE OF ACTION
**Constructive Trust**

89. Plaintiff incorporates by reference the allegations above.

90. Defendant KIM, as the one entrusted with the organization and setting up of account and business of Kore Solar and receiving the capital contributions of Plaintiff, has the fiduciary duty and responsibility to the company to act in good faith and for its benefit, in its best interest, and to safeguard and maintain its legal and financial health.

91. As such, any and all moneys, property, income, and assets are the rightful property of Plaintiff being the only one who contributed to the capitalization of Kore Solar.

92. All such benefits, money, and/or property/assets taken or received by KIM from Plaintiff and Kore Solar must be deemed to be held in constructive trust for Plaintiff.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff **TAIGUK GREEN-TECH. COMPANY, LTD.** prays for judgment against Defendants **DONGILL KIM** and **G.K.I. CORPORATION**, jointly and severally, as follows:

1. For compensatory, expectation, incidental, consequential, and punitive damages in an amount to be determined at trial.

2. For compensatory, liquidated, and punitive damages, including treble damages as authorized by 18 U.S.C. §1864(c).

3. Prejudgment, post-judgment interest, costs of suit, and reasonable attorney's fees as allowed by law and subject to the discretion of the Court.

4. For such other and further relief as the court deems just and proper under the circumstances.

Respectfully submitted this 6th day of March, 2013.

**LAW OFFICES OF MUN SU PARK & ASSOCIATES, LLC.**

*/s/ Mun Su Park/*
**MUN SU PARK**
Attorney for Plaintiff